329 So.2d 607
**Mancil Paul QUINN**

v.

**STATE.**

**8 Div. 481.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1975.

Joe Gilliland, Russellville, for appellant.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

## ON THE MOTION

It appears in the record here on file that the appellant was indicted for second degree burglary on May 23, 1969, and his trial began on November 26, 1973. He was convicted.

It further appears that on or about October 18, 1973, defendant filed his unverified motion in writing to dismiss the indictment or action for that he was not accorded a speedy trial in obedience to his constitutional rights.

It appears by stipulation of the parties that the motion to dismiss was argued before the court on November 6, 1973, and overruled.

The record does not contain a transcript of the evidence, if any was taken on the motion. It is silent in that regard.

The case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, impresses certain guidelines for judicial use in determining the deprivation vel non of defendant's right to a speedy trial. The case of *Strunk v. United States*, 412 U.S. 434, 37 L.Ed.2d 56, 93 S.Ct. 2260, should be noted and considered.

The trial court will try the issue raised by the pleadings without the aid of a jury to determine whether the movant, Quinn, has been denied a speedy trial. The mandates in the cases, supra, will be observed.

Defendant, or his counsel, shall be notified of the date fixed for the hearing and defendant shall be present if he so desires and be allowed to present evidence in support of his motion.

The trial court is further instructed to conduct the hearing as speedily as possible; that a full record be made thereof; the court will state its conclusion from the evidence adduced, and rule on the motion, supra. Prior order overruling the motion is vacated. A transcript of these proceedings, including the evidence lawfully certified, will be forwarded to this court for review.

Further consideration of this appeal shall be held in abeyance pending the trial court's compliance with this order.

The cause is hereby remanded with directions. *Prince v. State*, 50 Ala.App. 368, 279 So.2d 539, cert. denied 291 Ala. 796, 279 So.2d 549, habeas corpus granted; *Prince v. Alabama*, 507 F.2d 693; *Ex parte Collins*, 53 Ala.App. 577, 302 So.2d 551, cert. denied 293 Ala. 750, 302 So.2d 555; *Adams v. State*, 57 Ala.App. 738, 326 So.2d 665, 1975; *Mayberry v. State*, 48 Ala.App. 276, 264 So.2d 198.

The foregoing order in lieu of opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his order is hereby adopted as that of the Court.

Remanded with directions.

All the Judges concur.